FINANCIAL PRINCIPLES CO., INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Financial Principles Co. v. Commissioner
Docket No. 7388-88
United States Tax Court
T.C. Memo 1989-500; 1989 Tax Ct. Memo LEXIS 503; 58 T.C.M. (CCH) 137; T.C.M. (RIA) 89500; September 12, 1989; As corrected September 14, 1989 Melvin R. Hassell (an officer), for the petitioner. Daniel C. Brauweiler, for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: Respondent determined an income tax deficiency and additions to tax against petitioner as follows: Additions to Tax, Sections
Year
Deficiency
6653(a)(1) [1]
6653(a)(2)
6651(a)(1)
6661
1/31/84
$ 12,750.36
$ 826.42 *
$ 3,064.59
$ 3,187.59
*504 We must decide whether petitioner is entitled to deduct disallowed expenses for travel and entertainment, legal and accounting, utilities and telephone, seminar costs, insurance and automobile use. We also must determine whether petitioner is liable for additions to tax pursuant to sections 6651(a)(1), 6653(a)(1), 6653(a)(2) and 6661. Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits are incorporated by this reference. For convenience, our Findings of Fact and Opinion are combined. Financial Principles Co., Inc. (the "Company") was a Texas corporation whose principal place of business was in Dallas, Texas at the time the petition was filed. The Company was designed to provide assistance in personal and corporate financial planning. The Company held a seminar during the fiscal year ending January 31, 1984, in which it touted the advantages of tax-sheltered investments to *505 business and financial professionals. Melvin R. Hassell was the president and sole shareholder of the Company. The Company filed its corporate income tax return for the fiscal year ending January 31, 1984, on February 22, 1985. No extension of time to file was obtained. The Company claimed the following deductions for the fiscal year ending January 31, 1984, which are in dispute: Item
Amount
Travel and Entertainment
$ 19,452.00
Legal and Accounting
21,422.80
Utilities and Telephone
2,261.61
Seminars
2,356.00
Insurance
2,791.00
Auto Expenses
3,470.00
The Company bears the burden of establishing that it is entitled to deduct the expenses it claimed for the year in question. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). Furthermore, the Company must establish its right to, as well as the amount of, the claimed deduction. New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934). The Company has not offered evidence which would sustain its burden of proof or establish its right to deduct any of the expense deductions that respondent has disallowed. The Company, through its sole shareholder, attempted to substantiate *506 some of the disallowed deductions by presenting a loose collection of invoices, receipts and bills. Petitioner was unable to demonstrate whether these items were for expenses which respondent had allowed or had not allowed, and in some cases could not demonstrate what the alleged expenses were for, or that they had in fact been paid. This is simply inadequate and fails to overcome the presumption that respondent's determination is correct. Furthermore, the Company's attempt to reconstruct an automobile log approximately four years after the expenses were allegedly incurred does not constitute a contemporaneous record because it was not "made at or near the time of the expenditure." Sec. 1.274-5(c)(2)(ii)(a), Income Tax Regs. The Company is liable for the entire deficiency determined by respondent. We also hold that the Company is liable for the section 6651(a)(1) addition to tax because the Company's income tax return for the year ended January 31, 1984 was filed on February 22, 1985. No valid extension of time in which to file was obtained and the Company did not present arguments on this issue. The Company is liable for the additions to tax under sections 6653(a)(1) and *507 6653(a)(2) because the underpayment of income tax was attributable to negligence. Negligence is defined as a failure to exercise the due care that a reasonable and ordinarily prudent person would under the circumstances. Marcello v. Commissioner, 380 F. 2d 499, 506 (5th Cir. 1967); Neely v. Commissioner, 85 T.C. 934, 947 (1985). The Company failed to keep adequate books and records documenting its expenses; therefore, the additions to tax for negligence are imposed on the entire income tax deficiency determined by respondent. Section 6661 provides for an addition to tax for a substantial understatement of income tax liability. An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return, or $ 10,000, in the case of a corporation. Sec. 6661(b)(1)(B). The underpayment in this case is substantial, because the income tax required to be shown on the return, $ 16,528.36, far exceeded the amount of income tax shown on the return, which was $ 3,778. The Company did not argue that it adequately disclosed the items or had substantial authority for its position. The Company is liable for the section *508 6661 addition to tax attributable to a substantial understatement of income tax. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code, as in effect in the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. * 50 percent of the interest due on $ 12,750.36.↩